IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:08-CV-01997-O |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss and Brief in Support (Def.'s Mot.) (Doc. # 3) filed November 17, 2008. Having reviewed the motion and the applicable law, the Court finds that Defendant's Motion to Dismiss should be and is hereby **GRANTED**.

**I.    Background**

On June 3, 2007, Plaintiff David Mann filed a civil action against Defendant Bank of America in the 101st Judicial District Court of Dallas County, Texas. Doc. # 1. Plaintiff filed his First Amended Petition on September 23, 2008, alleging that employees of Defendant engaged in "teasing, non-cooperation in the work environment, the undermining of the Plaintiff's credibility and reputation to other workers, and physical harassment aimed at getting Plaintiff to quit his job with Defendant." Pl.'s First Am. Pet. ¶ IV.

Defendant subsequently removed this action to federal court, and on November 17, 2008, Defendant filed the present motion seeking dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Doc. No. 1; FED. R. CIV. P. 12(b)(6). Defendant argues that Plaintiff's suit should be dismissed

1

because Plaintiff's allegations are not actionable under any cognizable legal theory, including wrongful termination and constructive discharge. Def.'s Mot. at 2. As of the date of this order, Plaintiff has not responded to Defendant's motion.

## **II.**     **Legal Standard**

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

In ruling on a motion to dismiss under 12(b)(6), the Court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

## III.   Analysis

In the present case, Plaintiff alleges facts that do not appear to support a cognizable legal theory. Specifically, Plaintiff alleges that during his employment with Bank of America, employees of Defendant engaged in "teasing, non-cooperation in the work environment, the undermining of the Plaintiff's credibility and reputation to other workers, and physical harassment aimed at getting Plaintiff to quit his job with Defendant." Pl.'s First Am. Pet. ¶ IV. The Court must determine whether these alleged facts could support a cognizable legal claim for relief. Defendant argues that the facts alleged by Plaintiff are not sufficient to support a cognizable claim for either wrongful termination or constructive discharge. Def.'s Mot. 2-3.

### A.  Wrongful Termination

Defendant first contends that Plaintiff's suit is not actionable based on the theory of wrongful termination because Plaintiff acknowledges that he voluntarily quit his employment with Bank of America, and none of the statutory exceptions to the at-will employment doctrine apply. Pl.'s First Am. Pet. ¶ IV.

The general rule in Texas is that "absent a specific contract term, statutory prohibition, or public policy consideration to the contrary, employment relationships are terminable at will by

either party." *Clemmer v. Enron Corp.*, No. H-93-3550, 1995 WL 334372, at *6 (S.D. Tex. Mar. 27, 1995). Thus, unless an exception to the at-will employment doctrine applies, an employee may be terminated "at any time for a good reason, bad reason, or no reason at all." *Id.* In the present case, Plaintiff's claim does not appear to come within any of the statutory, common law, or public policy exceptions to the at-will doctrine. *See e.g., Id.*; *see also, Winters v. Houston Chronicle Pub. Co.*, 795 S.W.2d 723, 723-24 (Tex. 1990).

Upon review of the Plaintiff's First Amended Petition, the Court finds that to the extent Plaintiff is asserting a claim of wrongful termination, Plaintiff has not "pleaded enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 550 U.S. at 570. Even if one of the exceptions to the at-will employment doctrine applied in this case, Plaintiff has pled that he was not terminated, but rather, quit his job at Bank of America. Pl.'s First Am. Pet. ¶ IV. Therefore, to the extent that Plaintiff is asserting a claim of wrongful termination, Plaintiff's claim fails because the pleadings show that Defendant did not terminate Plaintiff. *Id.*

**B. Constructive Discharge**

In addition, Defendant contends that Plaintiff's claim is not cognizable to the extent that Plaintiff is asserting a claim of constructive discharge because such a claim is not in itself a separate cause of action. Def.'s Mot. 3. Therefore, Defendant argues, since Plaintiff has not asserted a cause of action for discrimination, harassment, or retaliation under Title VII, as required for constructive discharge, Plaintiff's suit should be dismissed. *Id.* at 4.

According to the applicable law, "[a]lthough constructive discharge has import in both retaliation and hostile work environment claims, it is not in itself a separate cause of action." *Bryant v. Skyline Props., Inc.*, No. 3:05-CV-2503-G, 2006 WL 708647, at *2 (N.D. Tex. Mar.

20, 2006); *see also Turman v. Greenville Ind. Sch. Dist.*, No. 3:03-CV-1786-M, 2004 WL 350683, at *2 (N.D. Tex. Jan. 27, 2004) (noting that "[p]laintiff's claim of constructive discharge does not state a separate cause of action"). Constructive discharge is merely an element in establishing a Title IIV claim. *See Bryant*, 2006 WL 708647, n. 2-3. Thus, a plaintiff's constructive discharge claim will fail unless it is asserted as part of an overall Title VII claim. *Bryant*, 2006 WL 708647, at *2.

Upon review of the Plaintiff's First Amended Petition, the Court finds that to the extent Plaintiff is asserting a claim of constructive discharge, Plaintiff has not "pleaded enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 550 U.S. at 570. Plaintiff has pled that employees of Defendant engaged in "teasing, non-cooperation in the work environment, the undermining of the Plaintiff's credibility and reputation to other workers, and physical harassment aimed at getting Plaintiff to quit his job with Defendant." Pl.'s First Am. Pet. ¶ IV. Plaintiff has not asserted any underlying Title VII claims in his First Amended Petition. *Id.* Accordingly, to the extent that Plaintiff is asserting constructive discharge as a separate claim, Defendant's Motion to Dismiss is granted. *See Bryant*, 2006 WL 708647, at *2.

## IV.   Conclusion

Based on the foregoing analysis of facts and legal principles, the Court concludes that Defendant's Motion to Dismiss should be **GRANTED**. Accordingly, Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** on this **16th** day of **July, 2009.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**